# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTWANNE JAMES WHITE | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | NO. 16-4243 |

## MEMORANDUM

**KEARNEY, J.**                                                                                                       **AUGUST 25, 2016**

Plaintiff Antwanne White, incarcerated at the Federal Correctional Institution in Ray Brook, New York, seeks leave to proceed *in forma pauperis*. In the accompanying Memorandum, we grant White leave to proceed *in forma pauperis* and dismiss his complaint as frivolous.

## I.     FACTS[1]

In 2011, White pled guilty to robbery and related offenses in the United States District Court for the Eastern District of Pennsylvania.[2] The Court sentenced him to 240 months of imprisonment followed by supervised release.[3] White appealed his sentence but the Court of Appeals summarily dismissed it.[4]

In March 2016, White filed a petition for a writ of *habeas corpus* in the Northern District of New York, predicated, in part, on a release resulting from having filed a UCC-1 financing statement under the Uniform Commercial Code (UCC).[5] The District Court dismissed the petition explaining a motion under § 2255 provided the appropriate basis for attacking a federal conviction and describing White's argument based on the UCC as "patently frivolous."[6] White subsequently moved to vacate his sentence under 28 U.S.C. § 2255 with the sentencing court.[7]

He also filed an "Affidavit of Notice of Default" and a document entitled "Judicial Notice," both of which appear to be based on the UCC.[8]

White subsequently filed this case with the same argument. He refers to himself as "property" essentially alleging because he filed a UCC-1 financing statement, he perfected a security interest in himself entitling him to release from imprisonment and monetary damages.

## II. STANDARD OF REVIEW

We grant White's motion to proceed *in forma pauperis* as he is incapable of paying the fees to commence this civil action. We may consider, under 28 U.S.C. § 1915(e)(2)(B)(i), whether to dismiss the complaint as frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact,"[9] and is legally baseless if it is "based on an indisputably meritless legal theory."[10] As White is proceeding *pro se*, we construe his allegations liberally.[11]

## III. DISCUSSION

White's claim is frivolous. Nothing in the UCC entitles him to release from prison or damages stemming from an allegedly improper conviction or sentence. Courts repeatedly reject similar attempts by prisoners seeking to undermine their sentences.[12] It is troubling White has already been informed by a federal court of no legal basis for his theory, but chose to pursue it anyway.

## IV. CONCLUSION

We dismiss the complaint as frivolous in the accompanying Order. White will not be given leave to amend as amendment is futile.

---

[1] We referenced the complaint and public dockets for federal criminal and civil proceedings underlying or related to Mr. White's claims.

[2] *See United States v. White*, E.D. Pa. Crim. A. No. 10-420-3 (ECF No. 94).

[3] *Id.* (ECF No. 114).

2

[4] *Id.* (ECF No. 136).

[5] *White v. Breckon*, Civ. A. No. 16-349 (N.D.N.Y.).

[6] *Id.* (ECF No. 2 at 5).

[7] *United States v. White*, E.D. Pa. Crim. A. No. 10-420-3 (ECF No. 214).

[8] *Id.* (ECF Nos. 218 & 220).

[9] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989),

[10] *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

[11] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[12] *See, e.g., Amerson v. United States*, 550 F. App'x 603, 604 (10th Cir. 2013) ("The UCC governs commercial transactions and cannot be used to upset criminal convictions, even collaterally."); *Carter v. Wands*, 431 F. App'x 628, 629 (10th Cir. 2011) (explaining that the U.C.C. did not "provide a basis to challenge the conditions of [plaintiff's] imprisonment"); *United States v. Staten*, No. 1:10-CR-00179, 2012 WL 2389871, at *3 (M.D. Pa. June 25, 2012) ("Courts across the United States have uniformly rejected arguments based on the redemption theory or substantially similar theories.").